FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
10/25/2019 11:37 AM
JAMIE SMITH
DISTRICT CLERK
A-204776

CAUSE NO. A-204776

| | | |
|---|---|---|
| CENTURY HOLDINGS, LLC; D/B/A/ OAKLODGE INN AND SUITES<br>    Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | |
| CERTAIN UNDERWRITERS AT LLOYDS, LONDON<br>    Defendant | §<br>§<br>§<br>§<br>§<br>§ | 58th JUDICIAL DISTRICT<br><br><br>JEFFERSON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CENTURY HOLDINGS, LLC D/B/A OAKLODGE INN & SUITES (hereinafter referred to as "Plaintiff"), and file this *Plaintiff' Original Petition*, complaining of CERTAIN UNDERWRITERS AT LLOYDS, LONDON ("insurance company" or "Defendant"), and for cause of action, Plaintiff would respectfully show this honorable Court the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiff intend discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190.4 (Level 3), and request that the Court enter an appropriate scheduling order.

### PARTIES

2.    Plaintiff is a limited liability company organized and operating under the laws of the State of Texas.

3.    Defendant Certain Underwriters at Lloyds, London, is a foreign insurance company registered with the Texas Department of Insurance engaging in the business of insurance

EXHIBIT B

in the State of Texas.  The Defendant may be served with process by serving its designated

registered agent, Mendes & Mount, 750 Seventh Avenue, New York, New York 10019.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this cause of action because the amount in controversy is

within the jurisdictional limits of the Court.   Plaintiff is seeking monetary relief over

$1,000,000 but not over $2,500,000 including damages of any kind, penalties, costs,

expenses, pre-judgment interest, and attorneys' fees.  Plaintiff reserve the right to amend

the petition during or after the discovery process.

5.      The Court has jurisdiction over Defendant because this Defendant engages in the business

of insurance in the State of Texas, and Plaintiff' causes of action arise out of this

Defendant's business activities in the State of Texas.

6.      Venue is proper in Jefferson County, Texas, because the insured properties at issue are

situated in this county and the events giving rise to this lawsuit occurred in this county.

## FACTS

7.      Plaintiff is the owner of insurance policy AMR-60115 (hereinafter the "Policy"), which

was issued and subscribed to by the Defendant.

8.      Plaintiff owns the insured properties, which are specifically located at 2615 Interstate 10,

Beaumont, Texas 77702.

9.      Defendant sold the Policy to Plaintiff insuring the Properties.

10.     On or about August 25, 2017, the winds from Hurricane Harvey caused severe damage to

the insured Properties.

11.     Plaintiff submitted a claim to Defendant against the Policy for damages which the

Properties sustained as a result of the windstorm.  Upon information and belief, Defendant

---

EXHIBIT B

assigned a numbered claim. The claim number assigned was CLM-21375. After inspection the Defendant issued payment in the amount of $0.00.

12. Plaintiff asked that Defendant cover the cost of repairs to the Properties, pursuant to the Policy.

13. Defendant set about to deny and/or underpay on properly covered damages. As a result of Defendant's unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation and thus denying adequate and sufficient payment to Plaintiff to repair the Properties, Plaintiff' claim was improperly adjusted. The mishandling of Plaintiff' claim has also caused a delay in Plaintiff' ability to fully repair the Properties, which has resulted in additional damages. To this date, Plaintiff have yet to receive the full payment to which they are entitled under the Policy.

14. As detailed in the paragraphs below, Defendant wrongfully denied Plaintiff' claim for repairs of the Properties, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Defendant underpaid some of Plaintiff' claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

15. To date, Defendant continues to delay in the payment for the damages to the Properties. As such, Plaintiff have not been paid in full for the damages to the Properties.

16. Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Properties, and all conditions precedent to recovery upon the Policy had been

carried out and accomplished by the Plaintiff.  Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

17.   Defendant misrepresented to Plaintiff that certain damage to the Properties was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).

18.   Defendant failed to make an attempt to settle Plaintiff' claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).

19.   Defendant failed to explain to the Plaintiff the reasons for their offer of an inadequate settlement.   Specifically, Defendant failed to offer Plaintiff adequate compensation, without any or adequate explanation why full payment was not being made.  Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any or adequate explanation for the failure to adequately settle Plaintiff' claim.  Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(3).

20.   Defendant failed to affirm or deny coverage of Plaintiff' claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).

21.     Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation.  Specifically, Defendant performed an outcome-oriented investigation of Plaintiff' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff' losses on the Properties.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(7).

22.     Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff' claim, beginning an investigation of Plaintiff' claim, and requesting all information reasonably necessary to investigate Plaintiff' claim, within the statutorily mandated time of receiving notice of Plaintiff' claim.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.

23.     Defendant failed to accept or deny Plaintiff' full and entire claim within the statutorily mandated time of receiving all necessary information.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.

24.     Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiff' claim longer than allowed and, to date, Plaintiff have not received full payment for the claim.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.058.

25.     From and after the time Plaintiff' claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably

clear.  However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

26.     Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

27.     As a result of Defendant's wrongful acts and omissions, Plaintiff were forced to retain the professional services of the attorney and law firm for representation with respect to these causes of action.

## CAUSES OF ACTION

28.     Defendant is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and Deceptive Trade Practices Act, intentional breach of the common law duty of good faith and fair dealing, and common law fraud.

## BREACH OF CONTRACT

29.     The Policy is a valid, binding, and enforceable contract between Plaintiff and Defendant.

30.     Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiff.

31.     Defendant's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiff.

32.     The Defendant's breach proximately caused Plaintiff' injuries and damages.

33.     All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

34.   Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a).   All violations under this article are made actionable by TEX. INS. CODE §541.151.

35.   Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(1).

36.   Defendant's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

37.   Defendant's unfair settlement practices, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(3).

38.   Defendant's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights

to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

39.     Defendant's unfair settlement practices, as described above, of refusing to pay Plaintiff' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

40.     Each of the foregoing unfair settlement practices were completed knowingly by the Defendant, and were a producing cause of Plaintiff' injuries and damages.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

41.     The Claim is a claim under an insurance policy with the Defendant of which Plaintiff gave proper notice. The Defendant is liable for the Claim. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

42.     Defendant's failure to acknowledge receipt of Plaintiff' claim, commence investigation of the claim, and/or request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

43.     Defendant's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

44.     Defendant's delay of the payment of Plaintiff' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time

provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

45.     Each of the foregoing unfair settlement practices were completed knowingly by the Defendant, and were a producing cause of Plaintiff' injuries and damages.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

46.     The Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that liability was reasonably clear.

47.     Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff' claim, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

48.     Defendant's conduct proximately caused Plaintiff' injuries and damages.

### VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

49.     Defendant's conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41, et seq. (hereinafter the "DTPA") by engaging in "false, misleading or deceptive acts and practices."

50.     Plaintiff are "consumers" in that Plaintiff acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

51.     The Defendant committed numerous violations of the Texas DTPA, insofar as Defendant:

   a)     Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

   b)     Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    c)    Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

    d)    Generally engaged in unconscionable courses of action while handling the Claim; and/or

    e)    Violated the provisions of the Texas Insurance Code described herein.

52.    The Defendant took advantage of the Plaintiff' lack of knowledge, ability, experience or capacity to a grossly unfair degree and to the Plaintiff' detriment. The Defendant's acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration. As a result of the Defendant's violations of the DTPA, Plaintiff suffered actual damages. In addition, the Defendant committed the above acts knowingly and/or intentionally, entitling Plaintiff to three times Plaintiff' damages for economic relief.

## DAMAGES

53.    Upon the trial of this case, it shall be shown Plaintiff sustained damages as a result of Defendant's conduct. Plaintiff respectfully request the Court and jury award the amount of loss Plaintiff has incurred in the past and will incur in the future. There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiff for injuries, damages, and losses, incurred and to be incurred. From the date of the occurrence in question until the time of trial of this cause, Plaintiff seek every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiff' actual damages, policy benefits, pre-judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages.

54.   Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

55.   The damages caused by the windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Properties, and causing undue hardship and burden to Plaintiff.   These damages are a direct result of Defendant's mishandling of Plaintiff' claim in violation of the laws set forth above.

56.   For breach of contract, Plaintiff are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees and pre-judgment interest.

57.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.   For knowing conduct of the acts described above, Plaintiff ask for three times actual damages. TEX. INS. CODE §541.152.

58.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff are entitled to the claim amount, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

59.   For breach of the common law duty of good faith and fair dealing, Plaintiff are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

60.   For violations of the Deceptive Trade Practices Act, Plaintiff are entitled to recover actual damages and up to three times Plaintiff' damages for economic relief, along with attorney's fees, interest and court costs.

61.   For the prosecution and collection of this claim, Plaintiff have been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff are entitled to recover a sum for the reasonable and necessary services of Plaintiff' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

62.   Plaintiff are not making any claims for relief under federal law.

### JURY DEMAND

63.   Plaintiff request a jury trial, and have tendered any and all requisite fees for such along with the filing of this *Plaintiff' Original Petition*.

### REQUEST FOR DISCLOSURE

64.   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days of service of this request, the information described in Rule 194.2(a)-(l).

### PRAYER

WHEREFORE, Plaintiff respectfully request that final judgment be rendered for the Plaintiff as follows:

1) Judgment against Defendant for actual damages in an amount to be determined by the jury;

2) Statutory benefits;

3) Treble damages;

4) Exemplary and punitive damages;

5) Pre-judgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorneys' fees;

EXHIBIT B

8) Costs of suit;

9) Such other and further relief to which Plaintiff may be justly entitled.


Respectfully Submitted,


By: _____

Shaun W. Hodge
Texas Bar No. 24052995
**The Hodge Law Firm, PLLC**
Old Galveston Square Building
2211 Strand, Suite 302
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300
Email: shodge@hodgefirm.com

ATTORNEY FOR PLAINTIFF


CERTIFIED MAIL

FIRST CLASS MAIL US POSTAGE PITNEY BOWES

ZIP 77701   $ 006.55
02 1W
0001519146 OCT 28 2019

777871

EXHIBIT B